UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
FEDERAL INSURANCE COMPANY,

                Plaintiff,

      -against-                      **ORDER TO SHOW CAUSE**
                                              17 CV 6359 (PKC) (CLP)

VESTAR, INC.,

                Defendant.
----------------------------------------------------------- X
**POLLAK**, United States Magistrate Judge:

      Counsel for defendant Vestar, Inc., Emanuele J. DeStefano, Esq., has moved to withdraw as counsel of record for the defendant because counsel is unable to communicate with the defendant or to obtain its cooperation in fulfilling its litigation obligations. (See Mot. to Withdraw, Mar. 26, ECF No. 10).

**A. Show Cause Hearing**

      Based on the motion by Emanuele J. DeStefano, Esq., defendant VESTAR, INC. is **ORDERED TO SHOW CAUSE** IN PERSON before this Court why an Order permitting Emanuele J. Destefano, Esq. to withdraw as counsel for defendant should not enter, as follows:

| | |
|---|---|
| DATE: | **April 24, 2018** |
| TIME: | **12:00 p.m.** |
| LOCATION: | Courtroom 13B South<br>United States District Court<br>225 Cadman Plaza East<br>Brooklyn, NY  11201 |
| TELEPHONE: | (718) 613-2360 |

      The defendant is Ordered to send a representative to the hearing. Counsel moving to withdraw shall attend the hearing in person. Counsel for the plaintiff may attend the hearing in

person or by phone by calling chambers at the appointed time. If the defendant retains new counsel and such counsel both files a notice of appearance at least two days before the hearing and attends the hearing, the defendant may excuse its appearance at the show cause hearing, which will then proceed as a status conference. Accordingly, counsel should be fully prepared to discuss the status of this case.

### B. Vestar, Inc. Must Retain Counsel. Failure to Appear Through Counsel May Result in Entry of Default, Default Judgment, and/or Dismissal of Counterclaims.

The defendant is encouraged to attempt to secure new counsel well in advance of the hearing, for it is well established that "a corporation may not appear *pro se* or be represented by a non-lawyer" in federal court. See, e.g., Lawrence v. S.E.C., 384 F. App'x 44, 45 (2d Cir. 2010). **If the Court grants the motion to withdraw, defendant will be <u>required</u> to secure new counsel promptly. Failure to do so will result in a recommendation that a default and subsequent default judgment enter against the defendant for failure to comply with its litigation obligations and that its counterclaims be dismissed for failure to prosecute.**

### C. Service of this Order

Emanuele J. DeStefano, Esq. is ORDERED to serve a copy of this Order to Show Cause, as well as a copy of the motion to withdraw, on the defendant by mail and e-mail, and to communicate its contents to the defendants by phone, within one week of the date of this Order and to file a certificate attesting to such service on the public docket at least five (5) days before the hearing. It is further ORDERED that the withdrawing attorney shall ensure that the motion to withdraw complies in every way with Local Civil Rule 1.4, including the requirement that motion papers indicate whether a withdrawing attorney is asserting a retaining or charging lien. It is further ORDERED that withdrawing counsel shall file a letter setting forth the correct

mailing address and phone number for the defendant at least two business days before the hearing.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       March 26, 2018

                                      /s/ Cheryl L. Pollak
                                      Cheryl L. Pollak
                                      United States Magistrate Judge
                                      Eastern District of New York